Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**U.S.A. vs. Burness Earl Freeman**                       **Docket No. 09-00072-001**

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Burness Earl Freeman, who was placed on supervision by the Honorable William W. Caldwell, sitting in the Court in the Middle District of Pennsylvania, at Harrisburg, Pennsylvania, on the 24th day of April 2000, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall pay a special assessment of $100 and a fine of $1,500.
- Shall report to the probation office in the district to which the defendant is released within 72 hours of release from the Bureau of Prisons.
- Shall not commit another federal, state, or local crime.
- Shall refrain from any unlawful use of a controlled substance. The defendant shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic tests thereafter, as directed by the probation officer.
- Shall not possess a firearm as defined in 18 U.S.C. § 921.
- Shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $50.

| | |
|---|---|
| <u>04-24-00</u>: | Conspiracy to Distribute Heroin (Count 5); Imprisoned for a total term of 120 months, to be followed by a 3-year term of supervised release. |
| <u>09-29-08</u>: | Released from the Bureau of Prisons; Term of supervised release begins in the Western District of Pennsylvania; Currently supervised by U.S. Probation Officer Eric S. Lawson. |
| <u>01-22-09</u>: | Jurisdiction transferred from the Middle District of Pennsylvania to the Western District of Pennsylvania. |
| <u>02-23-09</u>: | Conditions of supervised release modified by Judge Lancaster to reflect that the supervised releasee shall reside at Renewal, Inc., for a period not to exceed six months and that he shall observe the rules of the community confinement center (commenced on 03-04-09). |
| <u>05-11-09</u>: | Discharged from Renewal, Inc., as a program failure. |

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports the releasee has violated the following conditions of his supervised release:

**Shall reside at Renewal, Inc., for a period not to exceed six months, and the supervised releasee shall observe the rules of that community confinement center.**

U.S.A. vs. Burness Earl Freeman
Docket No. 09-00072-001
Page 2.

The supervised releasee commenced service of his placement at Renewal, Inc., on March 4, 2009. According to an incident report, on Sunday, May 10, 2009, Mr. Freeman was authorized to attend church services from 10 a.m. until 1:15 p.m. He failed to return to Renewal, Inc., at the instructed time, and his whereabouts were unknown until he returned to the facility at 5:31 p.m. When questioned by staff, the supervised releasee became irrate and verbally abusive toward staff and shouted various obscenities. On May 11, 2009, he was discharged from Renewal, Inc., as a program failure.

**Shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.**

On May 11, 2009, the supervised releasee was directed to report to the United States Probation Office every Monday for purposes of providing a urine specimen. The supervised releasee failed to report to the Probation Office as directed on June 15, 2009; June 22, 2009; June 29, 2009; and July 6, 2009. The probation officer made direct contact with the supervised releasee at his residence on June 27, 2009, and he was reminded about the requirement to report weekly, and he has failed to do so.

**Shall participate in a program of testing and treatment for drug abuse as directed by the Probation Office until such time he is released from the program by the probation officer.**

The supervised releasee was referred for outpatient substance abuse treatment at Addiction Recovery Services on November 6, 2008. Following several positive results for opiate usage, the probation officer referred the supervised releasee to Gaudenzia, an inpatient substance abuse treatment facility located in Erie, Pennsylvania, where he resided from December 16, 2008, until January 19, 2009. Following his release from Gaudenzia, the supervised releasee was to resume outpatient substance abuse treatment services at Addiction Recovery Services on January 20, 2009. Since being discharged from Renewal, Inc., on May 11, 2009, he failed to maintain appointments with his outpatient substance abuse counselor on June 24, 2009, and July 1, 2009.

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom No. 3A, 3RD Floor, U.S. Post Office and Courthouse, Pittsburgh, Pennsylvania, with legal counsel on FRIDAY, JULY 17, 2009, at 2:30 PM, to show cause why supervision should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2009

Eric S. Lawson
U.S. Probation Officer

Roselyn Gerson
Supervising U.S. Probation Officer

Place: Pittsburgh, Pennsylvania

ORDER OF COURT

Considered and ordered this 9th day of July, 2009 and ordered filed and made a part of the records in the above case.

U.S. District Judge